NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE HUERTA, an individual, on behalf of himself and all others similarly situated and as a representative plaintiff,

Plaintiff-Appellant,

v.

CSI ELECTRICAL CONTRACTORS, INC.,

Defendant-Appellee,

and

FIRST SOLAR, INC.; et al.,

Defendants.

No.    21-16201

D.C. No. 5:18-cv-06761-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted May 13, 2022
Submission Vacated July 8, 2022
Resubmitted May 28, 2024
Pasadena, California

Before:  IKUTA, NGUYEN, and OWENS, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

George Huerta appeals from two orders granting partial summary judgment in favor of CSI Electrical Contractors, Inc. ("CSI").[1] We review a district court's decision to grant summary judgment de novo. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, vacate in part, and remand.

Huerta filed a wage-and-hour class action against CSI on behalf of himself and other workers involved in the construction of the California Flats Solar Project ("the Project"). The district court granted Huerta's motion for class certification. CSI then filed a motion for partial summary judgment on thirteen issues, which the district court granted.[2] Next CSI filed a second motion for partial summary

---

[1] To facilitate Huerta's appeal, the parties agreed to a stipulated judgment in Huerta's favor as to any remaining claims.

[2] With respect to each issue, the district court held:

1. The requirement that Plaintiff enter the Project from its single entrance does not obligate CSI to begin compensating Plaintiff after he entered the Project.

2. The requirement that Plaintiff enter the Project from its single entrance does not rise to a level of control sufficient to require compensation.

3. The requirement that Plaintiff enter the Project from its single entrance does not obligate CSI to compensate Plaintiff for reporting to work under Paragraph 5(A) of Wage Order 16.

4. The requirement that Plaintiff "badge in" at a guard shack each morning does not obligate CSI to begin compensating Plaintiff after he passed through security.

5. The requirement that Plaintiff "badge in" at a guard shack each morning does not obligate CSI to compensate Plaintiff for the time spent waiting in line to badge in.

6. The requirement that Plaintiff "badge in" at a guard shack each morning does not obligate CSI to compensate Plaintiff for reporting to work under Paragraph 5(A) of Wage Order 16.

7. The requirement that Plaintiff "badge in" at a guard shack each morning does not rise to a level of control sufficient to require compensation.

8. The requirement that Plaintiff drive from the Project entrance to the parking lot does not rise to a level of control sufficient to require compensation.

9. The requirement that Plaintiff drive from the parking lot to the Project entrance does not rise to a level of control sufficient to require compensation.

10. The requirement that Plaintiff "badge out" at a guard shack at the end of the day does not obligate CSI to compensate Plaintiff for the time spent waiting in line to badge out.

11. The requirement that Plaintiff "badge out" at a guard shack at the end of each day does not rise to a level of control sufficient to require compensation.

12. Plaintiff's claim based on "hours worked" during his meal period fails because Plaintiff worked under a qualifying collective bargaining agreement.

13. CSI is entitled to summary judgment in its favor and against Plaintiff as to the Second, Third, Fourth, Fifth, and Sixth Causes of Action to the extent that they are derivative of the claims for hours worked that are adjudicated in CSI's favor in this motion.

judgment, which the district court also granted.[3] This timely appeal followed.

Before our court, Huerta argues that the district court erred in ruling as a matter of law that (1) "the time spent by class members waiting for and undergoing the mandatory exit security process did not constitute 'hours worked'" under either the "control" or "suffer or permit" prongs of the "hours worked" definition in California Industrial Welfare Commission Wage Order No. 16 ("Wage Order No. 16"); (2) "the Security Gate was not the first location where the class members' presence was required for purposes of Paragraph 5A of Wage Order [No.] 16"; (3) "the time spent by class members traveling between the Security Gate and their daily work location did not constitute 'hours worked' under California law because they were not under CSI's control during such time"; and (4) "class members were not entitled to be compensated under California law for the time of their meal periods when CSI confined them to their daily work site during their meal periods." Thus, he does not challenge the district court's grant of summary judgment in favor of CSI on issues four through seven, all of which addressed whether the time spent waiting for and undergoing the *entrance* security process was compensable.

---

[3] The district court concluded that Huerta's "pass through the Security Gate was not the first location where [Huerta's] presence was required and that [Huerta] is not entitled to compensation for his travel time on the Access Road under Wage Order 16 ¶ 5(A)."

Pursuant to California Rule of Court 8.548, we requested that the California Supreme Court answer three questions of state law:

(1) Is time spent on an employer's premises in a personal vehicle and waiting to scan an identification badge, have security guards peer into the vehicle, and then exit a Security Gate compensable as "hours worked" within the meaning of California Industrial Welfare Commission Wage Order No. 16?

(2) Is time spent on the employer's premises in a personal vehicle, driving between the Security Gate and the employee parking lots, while subject to certain rules from the employer, compensable as "hours worked" or as "employer-mandated travel" within the meaning of California Industrial Welfare Commission Wage Order No. 16?

(3) Is time spent on the employer's premises, when workers are prohibited from leaving but not required to engage in employer-mandated activities, compensable as "hours worked" within the meaning of California Industrial Welfare Commission Wage Order No. 16, or under California Labor Code Section 1194, when that time was designated as an unpaid "meal period" under a qualifying collective bargaining agreement?

*Huerta v. CSI Elec. Contractors, Inc.*, 39 F.4th 1176, 1177 (9th Cir. 2022) (order).

The California Supreme Court held that the answer to the first question is yes, resolving this issue in Huerta's favor. *Huerta v. CSI Elec. Contractors*, 544 P.3d 1118, 1122 (Cal. 2024). It concluded that the time Huerta spent awaiting and undergoing the exit security procedure was compensable as "hours worked" under Wage Order No. 16 because Huerta was subject to CSI's control during that period. *Id.* at 1125–26. In accordance with that decision, we reverse the district court's grant of summary judgment in favor of CSI on issues ten and eleven.

5

As to the second question, the California Supreme Court held that the time an employee spends traveling between the Security Gate and the employee parking lots is not compensable as "hours worked" under either the "control" or "suffer or permit to work" prongs of Wage Order No. 16 because "an employer's imposition of ordinary workplace rules on employees during their drive to the worksite in a personal vehicle does not create the requisite level of employer control." *Id.* at 1122, 1129–33. Therefore, we affirm the district court's grant of summary judgment in favor of CSI on issue eight. We vacate the ruling on issue nine and remand for further proceedings consistent with the California Supreme Court's opinion.

However, the California Supreme Court also held that:

> [T]he time that an employee spends traveling between the Security Gate and the employee parking lots is compensable as "employer-mandated travel" under Wage Order No. 16, section 5(A) if the Security Gate was the first location where the employee's presence was required for an employment-related reason other than the practical necessity of accessing the worksite.

*Id.* at 1122; *see also id.* at 1126–29. That is because, "for time to be compensable as 'employer-mandated travel,' an employee need not be subject to the employer's control during the travel." *Id.* at 1128.

The California Supreme Court "express[ed] no view on whether the Security Gate was 'the first location' where Huerta's presence was required by CSI such that his travel time between the Security Gate and the employee parking lots is

6

compensable." *Id.* at 1129. It noted that, in determining whether the Security Gate was "the first location" within the meaning of Wage Order No. 16, relevant considerations include "what purpose is served by the employee's presence at the location, what activities occur there, and how much time is spent there." *Id.*

Accordingly, we vacate the district court's grant of summary judgment in favor of CSI on issues one and three in its first order. We also vacate the ruling on issue two, which the California Supreme Court did not directly address. In addition, we vacate the district court's grant of summary judgment in favor of CSI in the second order. We remand for further proceedings consistent with the California Supreme Court's opinion.

As to the third question, the California Supreme Court held that:

> [W]hen an employee is covered by a collective bargaining agreement that complies with Labor Code section 512, subdivision (e) and Wage Order No. 16, section 10(E), and provides the employee with an "unpaid meal period," that time is nonetheless compensable under the wage order as "hours worked" if the employer prohibits the employee from leaving the employer's premises or a designated area during the meal period and if this prohibition prevents the employee from engaging in otherwise feasible personal activities. An employee may bring an action under Labor Code section 1194 to enforce the wage order and recover unpaid wages for that time.

*Id.* at 1122.

On the record before it, it "express[ed] no view on whether CSI's restrictions on employee's movement during meal periods prohibited Huerta from engaging in activities he might have otherwise engaged in if permitted to leave" the employer's

7

premises or "an assigned lunch area." *Id.* at 1136–37. It stated that "[f]urther evidentiary development may be needed to determine if [certain] impediments" that "might have made travel impractical during Huerta's 30-minute meal period," "considered in light of the location and characteristics of the [assigned worksite], meant that employees could not engage in personal activities they would otherwise have been able to engage in absent CSI's prohibitions." *Id.* at 1137. As a result, we vacate the district court's grant of summary judgment in favor of CSI on issue twelve and remand for further proceedings consistent with the California Supreme Court's opinion.

Finally, we vacate the district court's grant of summary judgment in favor of CSI on issue thirteen, which was derivative of CSI prevailing on the other issues and remand for further proceedings consistent with the California Supreme Court's opinion.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED**.